UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 05 2010
David J. Bradley, Clerk of Court

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION § <br> OF THE UNITED STATES OF AMERICA § <br> FOR AN ORDER AUTHORIZING THE § <br> USE OF A PEN REGISTER AND TRAP § <br> AND TRACE DEVICE, AUTHORIZING § <br> RELEASE OF SUBSCRIBER AND OTHER § <br> INFORMATION, AND AUTHORIZING § <br> DISCLOSURE OF LOCATION-BASED § <br> SERVICES § | MAGISTRATE NO. H-10-979M <br><br> **UNSEALED PER ORDER** dated 10/5/10 |

## ORDER

Before the Court is an application by the Government seeking an order pursuant to Title 18, United States Code §§ 3122 and 3123, authorizing a pen register and a trap and trace device and access to customer records as well as location-based services pertaining to a cellular telephone currently assigned telephone number (832) 388-9004 (the "Target Device"). The Target Device is serviced by Leap Wireless International, Inc. d/b/a Cricket Communications, Inc., with an unknown subscriber and used by Netfa Lowe and others.

The Court finds that the applicant, an attorney for the Government, has certified that the information likely to be obtained by the pen register and trap and trace device is relevant to an ongoing criminal investigation conducted by the United States Secret Service into possible violations of 18 U.S.C. §§ 1344 (bank fraud), 1029 (access device fraud) and 1349 (attempt and conspiracy) by Netfa Lowe and others.

The Court also finds that the Government has not offered specific and articulable facts showing reasonable grounds to believe that the customer information described below is relevant and material to an ongoing criminal investigation, therefore the request for customer records under 18

U.S.C. § 2703 is denied. Further the court finds the Government has not shown probable cause for the disclosure of location-based services.

The Court further finds reason to believe that customer notification of the existence of this order may seriously jeopardize an ongoing investigation, or result in the destruction or tampering of evidence, or result in the target's flight from prosecution.

Accordingly, it is ORDERED that the application be granted to the following extent:

**1. Pen register authority.** Agents of the Secret Service are authorized to install and use a pen register device or process to record or decode dialing, routing, addressing, or signaling information,* including dates and times, for outgoing calls from the Target Device for a period of sixty days after the entry of this Order;

**2. Trap and trace authority.** Agents of the Secret Service are authorized to install and use a trap and trace device or process to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information* reasonably likely to identify the source of incoming calls to the Target Device for a period of sixty days after the entry of this Order;

**3. Subject parties.** Cricket Communications and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of this Order, are directed to furnish agents of the Secret Service all information, facilities, and technical assistance necessary to install and operate the pen register or trap and trace device unobtrusively and with a minimum of service interference;

---

\* Including such information transmitted over the provider's network by a two-way radio feature such as Nextel's "Direct Connect/Direct Dispatch," Verizon Wireless's "Push-to-Talk," or Sprint's "Ready Link."

**4. Subject telephone**. This authorization applies to the Target Device and all telephones subsequently assigned the same telephone number, electronic serial number (ESN), Mobile Identification Number (MIN), Subscriber Identity Module (SIM), International Mobile Subscriber Identifier (IMSI), cable pair, or binding post as the Target Device for the duration of this Order;

**5. Ongoing service provider obligations.** For the duration of this Order, Cricket Communications is directed: (a) to furnish the results of the pen register and trap and trace device in electronic format at reasonable intervals during regular business hours; (b) to notify the Secret Service of any change in service to the Target Device, and (c) not to terminate or restrict service to the Target Device without prior notice to the Secret Service affording the opportunity to assume financial responsibility for continuing the service;

**6. Compensation.** The Secret Service is to reimburse Cricket Communications and any other person or entity furnishing facilities or assistance for reasonable costs incurred in complying with this order, other than the cost of providing telephone toll records and listings;

**7. Sealing and non-disclosure.** This order and application are to remain sealed for 180 days after entry of this Order; while this Order remains sealed, all Service Providers, persons, and entities obligated to provide assistance are directed not to disclose the existence of the pen register, trap and trace device, investigation, or this Order to the listed subscriber or any other person.

Signed at Houston, Texas on October 5, 2010.

_____
Stephen Wm. Smith
United States Magistrate

3